**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALLEN J. BRADLEY, | NO. CV 12-3361-E |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION** |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**PROCEEDINGS**

Plaintiff filed a Complaint on April 20, 2012, seeking review of the Commissioner's denial of benefits. The parties filed a consent to proceed before a United States Magistrate Judge on May 22, 2012.

Plaintiff filed a motion for summary judgment on October 10, 2012. Defendant filed a cross-motion for summary judgment on November 7, 2012. The Court has taken both motions under submission without oral argument. See L.R. 7-15; "Order," filed April 25, 2012.

///

**BACKGROUND**

Plaintiff, a former meat clerk, teacher's aide and prep cook, asserted disability based primarily on alleged neck and back problems (Administrative Record ("A.R.") 51-60, 113-17, 131-33). An Administrative Law Judge ("ALJ") examined the medical record and heard testimony from Plaintiff and from a vocational expert (A.R. 25-174, 206-438).

The ALJ found Plaintiff had "the following severe impairments: stenosis of cervical spine with myelopathy and multilevel degenerative disc disease/spondylosis; status post anterior cervical discectomies and fusion; degenerative disc disease of the lumbar spine; and status post gunshot wound with retained bullet fragment in the cervical vertebra (posterior neck)" (A.R. 27). The ALJ also found, however, that Plaintiff retained the residual functional capacity to perform a limited range of sedentary work (A.R. 28). In reliance on the testimony of a vocational expert, the ALJ determined that there existed significant numbers of jobs Plaintiff could perform (A.R. 32; see A.R. 67-75 (vocational expert's testimony)). The ALJ denied benefits, stating that Plaintiff "has not been under a disability, as defined in the Social Security Act, since January 5, 2009, the date the application was filed" (A.R. 32).

Plaintiff sought review from the Appeals Council, submitting a legal brief, some additional medical records, and some vocational evidence from "Job Browser Pro" and the "Specific Occupation Employment Unskilled Quarterly" (A.R. 175-205, 439-651). The Appeals

1    Council considered these additional materials, but denied review (A.R.
2    1-4).

3

4                    **SUMMARY OF PLAINTIFF'S CONTENTIONS**

5

6        Plaintiff contends:

7

8        1.   The ALJ assertedly "fail[ed] to consider disability during a
9    discrete closed period of time";
10       2.   The ALJ assertedly "fail[ed] to give proper consideration to
11   the opinions of the treating physicians taken together";
12       3.   The ALJ assertedly "fail[ed] to give clear and convincing
13   reasons for rejecting the testimony of the claimant"; and
14       4.   The Administration assertedly erred by relying on the
15   testimony of the vocational expert.

16

17                          **STANDARD OF REVIEW**

18

19       Under 42 U.S.C. section 405(g), this Court reviews the
20   Administration's decision to determine if:  (1) the Administration's
21   findings are supported by substantial evidence; and (2) the
22   Administration used proper legal standards.  See Carmickle v.
23   Commissioner, 533 F.3d 1155, 1159 (9th Cir. 2008); Hoopai v. Astrue,
24   499 F.3d 1071, 1074 (9th Cir. 2007).  Substantial evidence is "such
25   relevant evidence as a reasonable mind might accept as adequate to
26   support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401
27   (1971) (citation and quotations omitted); Widmark v. Barnhart, 454
28   F.3d 1063, 1067 (9th Cir. 2006).

                                   3

1    Where, as here, the Appeals Council considered additional

2 material but denied review, the additional material becomes part of

3 the Administrative Record for purposes of the Court's analysis.  See

4 Brewes v. Commissioner, 682 F.3d 1157, 1163 (9th Cir. 2012) ("[W]hen

5 the Appeals Council considers new evidence in deciding whether to

6 review a decision of the ALJ, that evidence becomes part of the

7 administrative record, which the district court must consider when

8 reviewing the Commissioner's final decision for substantial

9 evidence."; expressly adopting Ramirez v. Shalala, 8 F.3d 1449, 1452

10 (9th Cir. 1993)); Taylor v. Commissioner, 659 F.3d 1228, 1231 (2011)

11 (courts may consider evidence presented for the first time to the

12 Appeals Council "to determine whether, in light of the record as a

13 whole, the ALJ's decision was supported by substantial evidence and

14 was free of legal error"); Penny v. Sullivan, 2 F.3d 953, 957 n.7 (9th

15 Cir. 1993) ("the Appeals Council considered this information and it

16 became part of the record we are required to review as a whole"); see

17 generally 20 C.F.R. §§ 404.970(b), 416.1470(b).

18

19                              **DISCUSSION**

20

21    After consideration of the record as a whole, Defendant's motion

22 is granted and Plaintiff's motion is denied.  The Administration's

23 findings are supported by substantial evidence and are free from

24 material[1] legal error.  Plaintiff's contrary contentions are

25 unavailing.

26 _____

27    [1]    The harmless error rule applies to the review of
administrative decisions regarding disability.  See McLeod v.

28 Astrue, 640 F.3d 881, 886-88 (9th Cir. 2011); Burch v. Barnhart,
400 F.3d 676, 679 (9th Cir. 2005).

I.   **Plaintiff has Failed to Demonstrate Any Material "Closed Period"**
     **Error.**

        To be entitled to benefits, Plaintiff must satisfy a durational
requirement of 12 continuous months of disability.  See Barnhart v.
Walton, 535 U.S. 212, 218-25 (2002); Krumpelman v. Heckler, 767 F.2d
586, 589 (9th Cir. 1985), cert. denied, 475 U.S. 1025 (1986).
Impairments which, with treatment, would improve over a few months'
time to attain a level permitting the performance of work cannot meet
this durational requirement.  Id.; see also Warre v. Commissioner, 439
F.3d 1001, 1006 (9th Cir. 2006) (impairments that can be controlled
effectively with treatment are not disabling); Mongeur v. Heckler, 722
F.2d 1033, 1039 (2d Cir. 1983) ("a remediable impairment is not
disabling").  Substantial evidence supports the ALJ's conclusion that,
despite severe impairments, Plaintiff never lost or could be expected
to lose for a continuous 12-month period the ability to perform a
limited range of sedentary work.

        In arguing the contrary, Plaintiff places principal reliance on
the March 10, 2009 statement of Dr. Limos, a non-examining physician.
Dr. Limos's March 10, 2009 statement referred to Plaintiff's recent
(January, 2009) neck surgery and tracheostomy, and forecast that "it
is reasonable to assume barring all complications that by 1/10[/10]
[Plaintiff] is able to do LT [light] work" (A.R. 348).  The ALJ was
not required to accept, and did not fully accept, Dr. Limos' forecast.
Even if accepted, however, Dr. Limos' forecast would not compel the
finding of a closed period of disability.  Assuming Plaintiff would
regain the ability to perform light work on (but not before)

January 10, 2010, it still would be reasonable to infer that Plaintiff
would regain the ability to perform a limited range of sedentary work
sometime well in advance of January 10, 2010.

Plaintiff appears also to argue that the ALJ only considered
whether Plaintiff was disabled as of the June 28, 2010 date of the
ALJ's decision.  Plaintiff argues that the ALJ never considered the
possibility of disability during any 12-month period ending before
that date.  Plaintiff's argument lacks merit.  The ALJ expressly found
that Plaintiff was not under a disability at any time "since
January 5, 2009, the date the application was filed" (A.R. 32).
Moreover, "[t]he presumption of regularity supports the official acts
of public officers and, in the absence of clear evidence to the
contrary, courts presume that they have properly discharged their
official duties." United States v. Chemical Foundation, 272 U.S. 1,
14-15 (1926); see Wilburn v. Astrue, 626 F.3d 999, 1003-04 (8th Cir.
2010) (applying this principle to the decision of an ALJ in a social
security disability case); Morris v. Sullivan, 897 F.2d 553, 560 (D.C.
Cir. 1990) (same).[2]  Finally, Plaintiff made an express "closed
period" argument to the Appeals Council, which the Appeals Council
necessarily rejected in denying review.

---

[2]     The ALJ may have mischaracterized the record to the
extent the ALJ stated on page 29 of the record there was a "lack
of objective medical evidence" that Plaintiff had "any severe
impairment of the lumbar spine" (A.R. 29).  Any such
mischaracterization was harmless, however.  Elsewhere in the
decision, the ALJ expressly found that Plaintiff did have a
severe impairment of the lumbar spine (A.R. 27).  What the ALJ
probably intended to say on page 29 of the record was that there
was a lack of objective medical evidence that Plaintiff had any
impairment of the lumbar spine of disabling severity.  Such a
statement would not have mischaracterized the record.

1    Speculation aside, there exists substantial evidence that
2    Plaintiff improved significantly in the months immediately following
3    his January, 2009 surgery so as to regain the ability to work.
4    Plaintiff admitted there was "a whole lot of improvement" after the
5    surgery, including a significant reduction of pain (A.R. 54, 57-58).
6    During the month prior to the surgery, Plaintiff's hands reportedly
7    were constantly numb and he had difficulties using his hands (A.R.
8    224).   In the spring and summer of 2010, however, treatment records
9    consistently reported significant improvement, including improvement
10   in Plaintiff's ability to use his hands (See, e.g., A.R. 477-78, 554,
11   561, 580, 593, 618-19).   Plaintiff's pain reportedly was "moderate,"
12   but manageable (A.R. 457, 466).   The Court is unable to discern any
13   material error in relation to any alleged closed period of disability.
14
15   **II.   The ALJ did Not Materially Err in Regard to the Statements of**
16   **Plaintiff's Treating Physicians.**
17
18   Plaintiff contends that the ALJ materially erred in regard to
19   statements made by three of Plaintiff's treating physicians, Drs. Lee,
20   Chen, and So.   This contention lacks merit.
21   ///
22   ///
23   A treating physician's conclusions "must be given substantial
24   weight."   Embrey v. Bowen, 849 F.2d 418, 422 (9th Cir. 1988); see
25   Rodriquez v. Bowen, 876 F.2d 759, 762 (9th Cir. 1989) ("the ALJ must
26   give sufficient weight to the subjective aspects of a doctor's opinion
27   . . .   This is especially true when the opinion is that of a treating
28   physician") (citation omitted); see also Orn v. Astrue, 495 F.3d 625,

631-33 (9th Cir. 2007) (discussing deference owed to treating physician opinions).  Even where the treating physician's opinions are contradicted,[3] "if the ALJ wishes to disregard the opinion[s] of the treating physician he . . . must make findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record."  Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987) (citation, quotations and brackets omitted); see Rodriquez v. Bowen, 876 F.2d at 762 ("The ALJ may disregard the treating physician's opinion, but only by setting forth specific, legitimate reasons for doing so, and this decision must itself be based on substantial evidence") (citation and quotations omitted).

On February 17, 2009, Dr. Lee signed a statement in which she indicated she last had seen Plaintiff on December 9, 2008 (A.R. 340-42).  Dr. Lee noted Plaintiff had been "hyporeflexic" with "impaired hand dexterity."  Id.  Dr. Lee did not opine concerning Plaintiff's "current status" as of February, 2009, instead deferring to Dr. So because of the surgery that had taken place subsequent to Plaintiff's last visit with Dr. Lee (A.R. 341).  Dr. Lee also did not offer any opinion regarding Plaintiff's work capacity (pre-surgery or post-surgery) (A.R. 340-42).

On December 19, 2008, Dr. Chen reported significant neurological deficits including weaknesses, abnormal speech, and numbness in the hands (A.R. 270).  Dr. Chen's report predates Plaintiff's surgery,

---

[3]    Rejection of an uncontradicted opinion of a treating physician requires a statement of "clear and convincing" reasons. Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996); Gallant v. Heckler, 753 F.2d 1450, 1454 (9th Cir. 1984).

however, and therefore says nothing about Plaintiff's post-operative

condition.  Dr. Chen offered no opinion concerning Plaintiff's ability

to work (pre-surgery or post-surgery).


    The ALJ did not specifically mention the statements of Drs. Lee

or Chen.  However, neither Dr. Lee nor Dr. Chen offered any specific

opinion regarding Plaintiff's capacity to work.  Under these

circumstances, the ALJ's failure specifically to mention the doctors'

statements did not effect material error.  Cf. Hollon ex rel. Hollon

v. Commissioner, 447 F.3d 477, 491 (6th Cir. 2006) (court rejected

claimant's suggestion that the ALJ failed to give proper deference to

the opinions of claimant's treating physicians where the claimant

failed to specify the particular opinion(s) that the ALJ purportedly

disregarded or discounted).  Perhaps more significantly, even

accepting the accuracy of Dr. Lee's statements and Dr. Chen's

statements at the time the statements were made would not impugn the

validity of the Administration's decision to deny disability benefits.


    In a "Work Status Report," dated March 24, 2010, Dr. So

cryptically stated:  "This patient is placed off work from 4/1/2010

through 6/30/2010" (A.R. 360).  The ALJ mentioned this "Work Status

Report," but properly reasoned that "[a]n ALJ is not required to

accept a treating physician's opinion which is brief and conclusory,

and is not adequately supported by clinical findings" (A.R. 30).  See

Matney v. Sullivan, 981 F.2d 1016, 1019-20 (9th Cir. 1992) ("The ALJ

need not accept an opinion of a physician – even a treating physician

– if it is conclusory and brief and is unsupported by clinical

findings"); Magallanes v. Bowen, 881 F.2d 747, 753 (9th Cir. 1989)

1   (ALJ can meet requirement to set forth reasons to reject a treating

2   physician's opinion by "setting out a detailed and thorough summary of

3   the facts and conflicting clinical evidence, stating his

4   interpretation thereof and making findings") (citations and quotations

5   omitted); see also Batson v. Commissioner, 359 F.3d 1190, 1195 (9th

6   Cir. 2004) ("an ALJ may discredit treating physicians' opinions that

7   are conclusory, brief, and unsupported by the record as a whole . . .

8   or by objective medical findings"); Connett v. Barnhart, 340 F.3d 871,

9   875 (9th Cir. 2003) (treating physician's opinion properly rejected

10  where treating physician's treatment notes "provide no basis for the

11  functional restrictions he opined should be imposed on [the

12  claimant]").  In any event, even accepting Dr. So's "Work Status

13  Report" at face value, Plaintiff still would not have satisfied the

14  durational requirement for disability benefits.

15

16      It might be argued that the ALJ should have recontacted

17  Plaintiff's treating physicians to seek additional documentation or

18  greater clarity concerning these physicians' various statements.

19  Remand for this purpose would be inappropriate, however, because

20  Plaintiff has failed to carry his burden of showing a "substantial

21  likelihood of prejudice" resulting from the ALJ's failure to re-

22  contact the treating physicians.  See McLeod v. Astrue, 640 F.3d 881,

23  886-88 (9th Cir. 2011) (claimant bears the burden of showing a

24  substantial likelihood of prejudice from the Administration's errors).

25  The circumstances of this case show no "substantial likelihood of

26  prejudice."  See id.

27

28  **III.  The ALJ did Not Materially Err in Evaluating Plaintiff's**

1    **Credibility.**

2

3        Plaintiff contends that the ALJ improperly discounted Plaintiff's

4    testimony regarding the severity of his alleged limitations.  An ALJ's

5    assessment of a claimant's credibility is entitled to "great weight."

6    Anderson v. Sullivan, 914 F.2d 1121, 1124 (9th Cir. 1990); Nyman v.

7    Heckler, 779 F.2d 528, 531 (9th Cir. 1985).  The discounting of a

8    claimant's testimony regarding subjective symptoms must be supported

9    by specific, cogent findings.  See Lester v. Chater, 81 F.3d 821, 834

10   (9th Cir. 1995); see also Berry v. Astrue, 622 F.3d 1228, 1234 (9th

11   Cir. 2010) (reaffirming same); Varney v. Secretary of Health and Human

12   Serv., 846 F.2d 581, 584 (9th Cir. 1988) (generally discussing

13   specificity requirement); but see Smolen v. Chater, 80 F.3d at 1282-84

14   (indicating that ALJ must offer "specific, clear and convincing"

15   reasons to reject a claimant's testimony where there is no evidence of

16   ///

17   ///

18   ///

19   ///

20   ///

21   ///

22

23

24

25

26

27

28

malingering).[4]  Contrary to Plaintiff's contention, the ALJ stated sufficient reasons for deeming Plaintiff's testimony less than fully credible.

        The ALJ discussed medical evidence suggesting that Plaintiff's impairments were not disabling (A.R. 29-30).  Although a claimant's credibility "cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor. . . ."  Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001); see also Burch v. Barnhart, 400 F.3d 676, 681 (9th Cir. 2005) ("lack of medical evidence" can be "a factor" in rejecting credibility, but cannot "form the sole basis").

        The ALJ also properly cited Plaintiff's level of activities as inconsistent with some of Plaintiff's reports of disabling symptomatology (A.R. 30-31).  Plaintiff regularly cooks, does a little housework, vacuums, "walk[s] the kids around until they go to the bus," takes care of two dogs, and reportedly is capable of lifting a case of beer (A.R. 59, 61-62).  Such considerations can constitute "clear and convincing reasons" for discounting the credibility of a claimant's testimony that the claimant cannot work.  Burch v.

_____

        [4]   In the absence of evidence of "malingering," most recent Ninth Circuit cases have applied the "clear and convincing" standard.  See, e.g., Molina v. Astrue, 674 F.3d 1104 (9th Cir. 2012); Taylor v. Commissioner, 659 F.3d 1228, 1234 (9th Cir. 2011); Valentine v. Commissioner, 574 F.3d at 693; Carmickle v. Commissioner, 533 F.3d 1155, 1160 (9th Cir. 2008); Lingenfelter v. Astrue, 504 F.3d 1028, 1036 (9th Cir. 2007); Ballard v. Apfel, 2000 WL 1899797, at *2 n.1 (C.D. Cal. Dec. 19, 2000) (collecting cases).  In the present case, the ALJ's findings are sufficient under either standard, so the distinction between the two standards (if any) is academic.

Barnhart, 400 F.3d at 680-81; see Rollins v. Massanari, 261 F.3d at
857 (claimant's testimony regarding daily domestic activities
undermined the credibility of her pain-related testimony); Verduzco v.
Apfel, 188 F.3d 1087, 1090 (9th Cir. 1999) (inconsistencies between
claimant's testimony and actions cited as a clear and convincing
reason for rejecting the claimant's testimony).


     The ALJ's decision also states that Plaintiff "has searched and
applied for work, and that if offered a job, he would try it" (A.R.
30; see A.R. 49 (Plaintiff's testimony re same)).  According to the
ALJ, "[s]uch testimony evidences a belief that [Plaintiff] is able to
work and belies the credibility of his subjective complaints." (Id.).
Some authorities within the Ninth Circuit have upheld adverse
credibility determinations predicated on a claimant's having held
himself or herself out as available for work.  See Bray v.
Commissioner, 554 F.3d 1219, 1227 (9th Cir. 2009) (among the specific
findings supporting the ALJ's adverse credibility determination was
the fact that the claimant had sought employment); Copeland v. Bowen,
861 F.2d 536, 542 (9th Cir. 1988) (upholding ALJ's adverse credibility
determination where the ALJ relied in part on the fact that the
claimant "received unemployment insurance benefits . . . apparently
considering himself capable of work and holding himself out as
available for work"); Bohall v. Astrue, 2010 WL 1740770, at *10 (W.D.
Wash. April 29, 2010) ("The ALJ was also proper in discounting
plaintiff's credibility on the basis that his receipt of unemployment
insurance compensation was inconsistent with his allegations of
disability . . . the point is that *at the time* he applied for
unemployment benefits, he was deemed to have considered and to have

1  held himself out as being available for and capable of work"); but see

2  Webb v. Barnhart, 433 F.3d 683, 687-88 (9th Cir. 2005) (reversing an

3  ALJ's determination that an impairment was not severe where the ALJ

4  had relied in part on the claimant's seeking of employment).  Assuming

5  arguendo that the ALJ's partial reliance on Plaintiff having sought

6  work was somehow improper in the present case, the ALJ's credibility

7  determination nevertheless would stand.  Under Carmickle v.

8  Commissioner, 533 F.3d at 1163, the infirmity of one or two supporting

9  reasons for an ALJ's credibility determination does not require

10 overturning the determination if independently valid supporting

11 reasons remain.  Independently valid supporting reasons remain in the

12 present case.

13

14     Because the ALJ's credibility findings were sufficiently specific

15 to allow this Court to conclude that the ALJ rejected Plaintiff's

16 testimony on permissible grounds, Moisa v. Barnhart, 367 F.3d 882, 885

17 (9th Cir. 2004), the Court defers to the ALJ's credibility findings.

18 See Lasich v. Astrue, 252 Fed. App'x 823, 825 (9th Cir. 2007) (court

19 will defer to ALJ's credibility determination when the proper process

20 is used and proper reasons for the decision are provided); accord

21 Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1464

22 (9th Cir. 1995).

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

14

1  **IV.   The Administration Properly Could Rely on the Testimony of the**
2       **Vocational Expert.**

3

4        The vocational expert testified that a person having the
5  limitations identified by the ALJ could perform jobs existing in
6  significant numbers in the local and national economy (A.R. 70-75).
7  This testimony furnished substantial evidence that there exist
8  significant numbers of jobs Plaintiff can perform.  See Barker v.
9  Secretary, 882 F.2d 1474, 1478-80 (9th Cir. 1989); Martinez v.
10 Heckler, 807 F.2d 771, 775 (9th Cir. 1986); see generally 42 U.S.C. §
11 423(d)(2)(A).  "A [vocational expert's] recognized expertise provides
12 the necessary foundation for his or her testimony.  Thus, no
13 additional foundation is required." Bayliss v. Barnhart, 427 F.3d
14 1211, 1218 (9th Cir. 2005).

15

16       After the ALJ's adverse decision, Plaintiff submitted additional
17 vocational evidence to the Appeals Council.  Plaintiff asserts that
18 this additional evidence starkly conflicts with the vocational
19 expert's testimony regarding the numbers of relevant jobs existing in
20 the economy.  Any such conflict does not prevent the vocational
21 expert's testimony from constituting substantial evidence to support
22 the administrative decision, however.  See Bayliss v. Barnhart, supra;
23 Brault v. Social Security Administration, 683 F.3d 443, 448 (2nd Cir.
24 2012) (rejecting claimant's contention that the Administration had a
25 duty to explain why the Administration rejected the claimant's
26 objections to allegedly dubious testimony from a vocational expert);
27 Drossman v. Astrue, 2011 WL 4496568, at *8 (N.D. Ohio July 15, 2011),
28 adopted, 2011 WL 4496561 (N.D. Ohio Sept. 27, 2011) (vocational expert

1   testimony based on sources of information other than "Job Browser Pro"

2   held to constitute substantial evidence supporting the administrative

3   decision).

4

5       When the record contains ambiguous or conflicting evidence, it is

6   the prerogative of the Administration to resolve the conflict.  See

7   Lewis v. Apfel, 236 F.3d 503, 509 (9th Cir. 2001).  When evidence "is

8   susceptible to more than one rational interpretation," the Court must

9   uphold the administrative decision.  See Andrews v. Shalala, 53 F.3d

10  1035, 1039-40 (9th Cir. 1995); accord Thomas v. Barnhart, 278 F.3d

11  947, 954 (9th Cir. 2002); Sandgathe v. Chater, 108 F.3d 978, 980 (9th

12  Cir. 1997).  Accordingly, this Court will uphold the administrative

13  decision in the present case notwithstanding the conflict between the

14  vocational expert's testimony and the vocational evidence submitted by

15  Plaintiff to the Appeals Council.[5]

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24

25       [5]    The Court need not and does not determine whether, if
26  the vocational evidence submitted by Plaintiff controlled over
    the testimony of the vocational expert, the numbers of jobs
27  reflected in Plaintiff's evidence would constitute "significant
    numbers" of jobs.  See generally Beltran v. Astrue, 2012 WL
28  5503660 (9th Cir. Nov. 14, 2012).

**CONCLUSION**

For all of the reasons discussed herein, Plaintiff's motion for summary judgment is denied and Defendant's motion for summary judgment is granted.[6]

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: November 26, 2012.

_____/S/_____
                CHARLES F. EICK
        UNITED STATES MAGISTRATE JUDGE

---

[6]   The Court has considered and rejected each of Plaintiff's arguments. Neither Plaintiff's arguments nor the circumstances of this case show any "substantial likelihood of prejudice" resulting from any error allegedly committed by the Administration. See generally McLeod v. Astrue, 640 F.3d 881, 888 (9th Cir. 2011) (discussing the standards applicable to evaluating prejudice).